NO. 07-02-0063-CR
NO. 07-02-0064-CR
NO. 07-02-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2002

_____

GREGORY RAY ROY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NOS. 41,767-B, 41,768-B, 41,790-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Gregory Ray Roy filed notices of appeal from judgments rendered in the referenced proceedings. We have received the reporter's record, but have not received the clerk's record in these matters. By letter dated June 20, 2002, we notified the court

clerk that the record had been due to be filed on June 5, 2002, and that if it could not be immediately filed, she should file a request for extension of time. We have since been notified by the court clerk that appellant has failed to pay or make arrangements to pay for the record. However, we have nothing in the record at this time to indicate whether appellant is indigent. This situation requires that we abate the appeals and remand to the trial court in order to avoid further delay and to preserve the parties' rights. See Tex. R. App. P. 37.3(a)(2).

Accordingly these appeals are abated and the causes remanded to the 181st District Court of Potter County. Upon remand, the trial court judge shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeals.

2. If appellant has not abandoned his appeals, whether appellant's present attorney will diligently pursue his appeals.

3. If it be determined that appellant is indigent and that appointment of an attorney is necessary, the name, address, and State Bar of Texas identification number of any successor attorney appointed.

4. If appellant is not presently indigent, whether he has failed to make the necessary arrangements for prosecuting his appeals.

5. If any steps or orders are necessary to ensure the timely preparation of a clerk's record and the diligent pursuit of appellant's appeals.

In support of its determination, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's

record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than July 29, 2002.

It is so ordered.

Per Curiam

Do not publish.